Mahadhi Corzano (SBN: 254905)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x255
Fax: 866-583-3695
mcorzano@consumerlawcenter.com
Attorneys for Plaintiff,
GUILLERMO LOPEZ

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO LOPEZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PROFESSIONAL COLLECTION CONSULTANTS,<br><br>　　　　Defendant. | Case No.: CV11-03214-PJW<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**Date:**　　　October 17, 2011<br>**Time:**　　　1:30 p.m.<br>**Judge:**　　　Hon. Dolly M. Gee<br>**Location:**　255 E. Temple Street<br>　　　　　　　Courtroom 880<br>　　　　　　　Los Angeles, CA 90012 |

## PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff, GUILLERMO LOPEZ (Plaintiff), through his attorneys, KROHN & MOSS, LTD., submits the following Opposition in response to Defendant's, PROFESSIONAL COLLECTION CONSULTANTS' (Defendant), Motion to Dismiss Plaintiff's Complaint filed in the present matter. Plaintiff's Opposition is based upon the authority and arguments contained within his Opposition, as well as all pleadings and other documents on file in the present matter.

## I. INTRODUCTION

On April 15, 2011, Plaintiff filed a Two-Count Verified Complaint (Complaint) against Defendant based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA) and Rosenthal Fair Debt Collection Practices Act, *Civ. Code*, 1788 *et seq.* (See Plaintiff's Complaint attached as Exhibit A). Plaintiff alleges the following against Defendant: (1) beginning in January 2010, Defendant constantly and continuously placed up to three collection calls five times per week to Plaintiff seeking and demanding payment for an alleged AT&T account for Maria Elena Lopez; (2) Plaintiff notified Defendant that they were calling the wrong person and to stop contacting him; (3) Defendant told Plaintiff that he co-signed a contract with Maria Elena Lopez; (4) Plaintiff advised Defendant that he has not had any dealings with AT&T and does not know Maria Elena Lopez and (5) Despite Plaintiff notifying Defendant that he does not owe the debt and to stop contacting him, Defendant, nonetheless, continued contacting Plaintiff demanding him to pay the alleged debt. *See* DE 1 ¶¶ 11-18. On June 3, 2011, Plaintiff amended his Complaint to remove Section 1692d(6) violation of the FDCPA.

Defendant moves this Honorable Court for dismissal based upon the erroneous position that Plaintiff's Complaint does not state sufficient facts to state a claim. For the reasons discussed below, Defendant is incorrect in its legal and factual analysis and this Honorable Court would be justified in denying Defendant's Motion.

///

///

///

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

## II. ARGUMENT

### A. Legal Standard

"In a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the burden falls on the defendant to prove that the complaint fails to state a claim upon which relief can be granted. In general, the Complaint is construed favorably to the pleader. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), overruled on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). *Watts v. Allstate Indem. Co.* 2009 WL 1905047, *3 (E.D. CA 2009). The Court must accept as true all material factual allegations in the complaint and construe them in the light most favorable to the plaintiff. *Nursing Home Pension Fund, Local 144 v. Oracle Corp.*, 380 F.3d 1226, 1229 (9th Cir. 2004). The Court will dismiss only those claims for which it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Wyler Summit Partnership v. Turner Broadcasting Sys., Inc.*, 135 F.3d 658, 661 (9th Cir.1998)." *Medialdea v. Law Office of Evan L. Loeffler*, PLLC 2009 WL 1767185, Pg. 1 (W.D.Wash.2009).

Fed. R. Civ. P. 8 requires only a "short and plain statement of the claim showing the pleader is entitled to relief." *See* Fed. R. Civ. P. 8. Importantly, courts have held that the FDCPA is not such a lengthy or complex statute as to render defendants unable to prepare an adequate defense without knowing which specific sections of the statute plaintiffs may claim they violated. *See Robinson v. Managed Accounts Receivables Corp.*, 654 F.Supp.2d 1051, 1058 (C.D. Cal. 2009). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Townsend v. Chase Bank USA*, N.A., 2009 WL 426393, Pg. 2 (C.D. Cal 2009). Further, the *Townsend* court agreed that "ordinary pleading rules are not meant to impose a great burden upon a Plaintiff." *Id.*

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1049 (2009) (*citing Twombly,* 550 U.S. at 556). Although a lengthy factual background is unnecessary, dismissal is warranted only where the plaintiff fails to allege specific facts needed to support the plausibility of a claim or provide fair notice to the opposing party. *Id.* at 1950-51; *Bell Atl. Corp.,* 550 U.S. at 556; Fed. R. Civ. P. 8(a)(2).

The Ninth Circuit has observed that the Rule 12(b)(6) motion to dismiss for failure to state a claim "is viewed with disfavor and is rarely granted." *Bowers v. Experian Information Solutions, Inc.,* 2009 WL 2136632 *2 (D. Or. July 15, 2009) *citing Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 249 (9th Cir. 1997). The Ninth Circuit has also "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts. *Id. citing Lopez v. Smith,* 203 F.3d 1122, 1130 (9th Cir. 2000).

Defendant has failed to meet its burden in the present matter. Plaintiff's Complaint clearly puts Defendant on notice of the conduct to which Plaintiff complains of as well as clearly and concisely informing Defendant under what legal theories Plaintiff seeks relief.

**B.    Plaintiff's FDCPA claims are within the statue of limitations.**

Defendant erroneously contends that Plaintiff's omission of a date alleging specifically when Defendant's conduct as alleged in the complained ended renders Plaintiff's First Amended Complaint invalid. "[T]he statute of limitations defense

... may be raised by a motion to dismiss ... [i]f the running of the statute is apparent on the face of the complaint." *Jablon, supra*, 614 F.2d at 682 citing *Graham v. Taubman*, 610 F.2d 821 (9th Cir. 1979). However, even if the relevant dates alleged in the complaint are beyond the statutory period, a "complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995)); see also *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993). Indeed, "[d]ismissal on statute of limitations grounds can be granted pursuant to Fed.R.Civ.P. 12(b)(6) 'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.' " *TwoRivers, supra*, 174 F.3d at 991 (citing *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991) (quoting *Jablon*, 614 F.2d at 682)); see also *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996). Defendant's Motion to Dismiss wholly fails to satisfy these requirements to justify the dismissal of Plaintiff's complaint based on the statute of limitations defense.

Under the FDCPA, "[a]n action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs". Here, Plaintiff alleged that Defendant began placing collection calls to Plaintiff on January 2010. *See* DE 1, ¶ 11. The calls were constant and continuously as to annoy, abuse and harass Plaintiff. *See* DE 1, ¶ 19. Plaintiff, however, did not allege when the collection calls or Defendant's unlawful conduct ended. Rather,

Plaintiff alleged that Defendant's conduct was "constant and continuous." See DE 1, ¶ 12. As such, Plaintiff's omission as to when the collection calls and Defendant's unlawful conduct ended by no means meets the required standard of an "appearance beyond a doubt that Plaintiff can prove no set of facts that would establish the timelines of his claims." See *Hernandez v. City of El Monte*, 138 F.3d 393, 402 (9th Cir. 1998). In fact, it can be reasonably inferred that the collection calls and Defendant's unlawful conduct lasted up until the filing of his Complaint. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1049 (2009) *citing Twombly*, 550 U.S. at 556 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Accordingly, Defendant's Motion to Dismiss Plaintiff's First Amended Complaint should be denied.

    **C.    Plaintiff's verified Complaint states sufficient facts to support Defendant's conduct of repeatedly and continuously calling Plaintiff caused Plaintiff to be annoyed, harassed or abused in violation of §§ 1692d and 1692d(5) of the FDCPA.**

Defendant argues that Plaintiff's §§ 1692d and 1692d(5) claims should be dismissed because the factual allegations are insufficient to support them and because the claims are stated with insufficient particularity. However, a complaint must only provide sufficient notice to the defendant of the nature of the plaintiff's claims. *See e.g. Erickson v. Pardus*, 551 U.S. 89, 93 (2007). In the present matter, Plaintiff clearly meets this standard with respect to his §§ 1692d and 1692d(5) claims.

Defendant contends that Plaintiff failed to provide a time frame of when the calls occurred or the frequency of collection calls it made to Plaintiff to put him on notice of Plaintiff's claims. Simply, Defendant's argument misstates Plaintiff's

burden under Rule 8 as other courts within the Ninth Circuit have held that in light of the liberal pleading standard articulated in Rule 8, where a complaint does not provide detail with respect to the content or frequency of the allegedly harassing communications, such lack of detail does not warrant dismissal of the FDCPA claim because the complaint otherwise adequately alleged violations of several express provisions of the FDCPA. *See Puttner v. Debt Consultants of America,* 2009 WL 1604570 at *4 (S.D. Cal. June 4, 2009). Nonetheless, in the present matter, Plaintiff has alleged specific conduct by Defendant that clearly presents sufficient factual support to withstand Defendant's deficient motion. In Plaintiff's First Amended Complaint, Plaintiff stated a time period of when the calls begin by alleging in his Complaint that Defendant began placing collection calls to him in January 2010. *See* DE 1, ¶ 11. Moreover, Plaintiff further stated the frequency of calls Defendant made by alleging that Defendant called him three times per day, five times per week. *See* DE 1, ¶ 12. Additionally, Plaintiff stated the content of several communications with Defendant by alleging that it told Defendant that he did not owe the debt nor knew a Maria Elena Lopez. *See* DE 1, ¶¶ 13-18.

In *Townsend v. Chase Bank USA,* N.A., 2009 WL 426393, Pg. 2 (C.D. Cal 2009), the court held, "specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Plaintiff has alleged specific conduct of the Defendant that clearly presents enough factual support to withstand Defendant's faulty motion. Moreover, Plaintiff has given a time frame of when the telephone calls to Plaintiff began and the frequency of calls Defendant made to Plaintiff. Plaintiff is not held to a heightened standard of pleading facts and specifics, but rather, only to pleading enough facts "to state a claim to relief that is plausible on its face."

1 *Twombly,* 550 U.S. at 570. Defendant completely ignores courts in this district that have held that the FDCPA is not such a lengthy or complex statute as to render defendants unable to prepare an adequate defense without knowing which specific sections of the statute plaintiffs may claim they violated. *See Robinson v. Managed Accounts Receivables Corp.,* 654 F.Supp.2d 1051, 1058 (C.D. Cal. 2009). Accordingly, Plaintiff's Verified Complaint gives Defendant fair notice that Plaintiff alleges it violated §§ 1692d and 1692d(5) of the FDCPA and the grounds for such. Therefore, Defendant's Motion to Dismiss should be denied as to these claims.

**D. Plaintiff's verified Complaint states sufficient facts to support his claim that Defendant violated §§ 1692e(2)(A) and 1692e(10) of the FDCPA.**

15 U.S.C. § 1692e provides that "a debt collector may not use any false, deceptive, or misleading representation or mean in connection with the collection of any debt. § 1692e(2)(A) provides that the conduct of "the false representation of the character, amount or legal status of any debt" is a violation. Additionally, § 1692e(10) further provides that the "use of any false representation or deceptive means to collect or attempt to collect any debt" is a violation. Defendant contends that Plaintiff failed to alleged specific facts as to Defendant's intent and deceptive practices to not give him sufficient notice of the grounds Plaintiff is claiming. Again, Defendant's argument is consistent with FRCP 8 as well as the United States Supreme Court's holding in *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197 (2007) that, "Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts are not necessary; the statement need only " 'give the defendant fair notice of

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ----, 127 S.Ct. 1955, 167 L.Ed.2d 929, ---- - ---- (2007) (slip op., at 7-8) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

A practice is deceptive even if there is no intent to deceive. *FTC v. Algoma Lumber Co.*, 291 US. 67 (1934); *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564 (7th Cir. 1989); *Orrin Exterminating Co. v. FTC*, 849 F.2d 1354 (11th Cir. 1988), *cert. denied*, 488 US. 1041 (1989); *Chrysler Corp. v. FTC* 561 F.2d 357 (D. C. Cir. 1977); *Beneficial Corp. v. FTC*, 542 F.2d 611 (3rd Cir. 1976); *Doherty, Clifford, Steers &.Shenfield, Inc. v. FTC*, 392 F.2d 921 (6th Cir. 1968); *Montgomery Ward & Co. v. FTC*, 379 F.2d 666 (7th Cir 1967); *Regina Corp. v. FTC*, 322 F.2d 765 3rd Cir. 1963); *Feil v. FTC*, 285 F.2d 879 (9th Cir. 1960); *Gimbel Bros., Inc. v. FTC, 116 F.2d 578* (2nd Cir. 1941). A requirement of proof of intent would effectively emasculate the act and contradict its fundamental purpose. *Thomas v. Sun Furniture & Appliance Co.*, 61 Ohio App. 2d 78, 399 N.E.2d 567 (1978). To state a valid claim under subsection (10), a plaintiff must show only that the misrepresentation would have deceived or misled the least sophisticated consumer. *See Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1177 (11th Cir.1985); *see also Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir.2003).

Here, Plaintiff alleged that Defendant told him that he owed an AT&T debt. *See* DE 1, ¶ 11. When Plaintiff told Defendant that he did not owe the debt and to stop contacting him, Defendant told him that he co-signed a contract with Maria Elena Lopez. *See* DE 1, ¶ 15. When Plaintiff told Defendant that he never had any dealings with AT&T, does not know Maria Elena Lopez and to stop contacting him, Defendant continued to contact him seeking and demanding payment for a

debt Plaintiff did not owe. *See* DE 1, ¶¶ 14-16. The fact that Defendant continued to misrepresent to Plaintiff that he owed an AT&T debt, despite Plaintiff telling Defendant that never had any dealings with AT&T was deceptive and misleading. Moreover, Defendant misrepresenting that Plaintiff co-signed a contract, which made him liable for the debt, even though Plaintiff denied signing any contract, was deceptive and misleading. Accordingly, Plaintiff has sufficiently pled facts in his First Amended Complaint to establish that Plaintiff is entitled to relief while giving the Defendant "fair notice" of Plaintiff's claims and the basis for the relief sought. Accordingly, Defendant's Motion should be denied as to Plaintiff's §§ 1692e(2)(A) and 1692 e(10) claims.

## III. CONCLUSION

Defendant is misguided in both its interpretation of case law and the Federal Rules of Civil Procedure pertaining to the pleading requirements placed upon Plaintiff in the present matter. Plaintiff has clearly and concisely pled facts that put the Defendant on notice of the relief sought and the grounds for such. Neither the United States Supreme Court nor the Federal Rules of Civil Procedure require anything more. Accordingly, Defendant's Motion to Dismiss should be dismissed. In the alternative, Plaintiff seeks leave to file his Second Amended Complaint to cure any deficiencies in his pleading.

RESPECTFULLY SUBMITTED,

DATED: September 23, 2011      KROHN & MOSS, LTD.


By:/s/ Mahadhi Corzano

Mahadhi Corzano
Attorney for Plaintiff

- 10 -

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I certify that on September 23, 2011, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system.

I further certify that all of the participants in the case are registered CM/ECF Users and that service will be accomplished by the CM/ECF system.

By: /s/ Mahadhi Corzano

Mahadhi Corzano
Attorney for Plaintiff

PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS