O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3214 PSG (PLAx) | Date | October 19, 2011 |
|---|---|---|---|
| Title | Guillermo Lopez v. Professional Collection Consultants | | |

Present: The Honorable **Philip S. Gutierrez**, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                              Not Present

**Proceedings:**   (In Chambers) Order GRANTING Defendant's motion to dismiss

Pending before the Court is Defendant Professional Collection Consultants' ("Defendant") motion to dismiss Plaintiff Guillermo Lopez's ("Plaintiff") complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving and opposing papers, the Court GRANTS the motion.

I.   Background

On April 15, 2011, Plaintiff filed a complaint against Defendant for unlawful debt collection practices. *See* Dkt. #1. Plaintiff filed his First Amended Complaint ("FAC") on June 3, 2011. *See* Dkt. #5. Plaintiff alleges that Defendant began placing collection calls to Plaintiff in January 2010 for a debt that Defendant claimed was owed to AT&T. *FAC* ¶¶ 11, 12, 15. Defendant informed Plaintiff that he had co-signed an AT&T contract with Maria Elena Lopez. *Id.* ¶¶ 15, 16. Defendant made "up to three [] collection calls five [] times per week" for some unidentified period of time. *Id.* ¶ 12. At some point, Plaintiff stated he did not know Maria Elena Lopez, has never had a contract with AT&T, did not owe any debt to AT&T, and did not want to receive any more collection calls. *Id.* ¶¶ 13, 16. Plaintiff alleges Defendant's conduct violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq.* Plaintiff asks for statutory damages under both acts, as well as costs and attorney's fees. *FAC* ¶¶ 20, 21, 25, 26. On August 22, 2011, Defendant moved to dismiss the FAC on the ground that Plaintiff fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. #15.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3214 PSG (PLAx) | Date | October 19, 2011 |
|---|---|---|---|
| Title | Guillermo Lopez v. Professional Collection Consultants | | |

II.  Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).

Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the compliant alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

III. Discussion

In arguing for dismissal under Rule 12(b)(6), Defendant raises two main arguments. First, Plaintiff has failed to plead any facts that would entitle Plaintiff to relief under the FDCPA or Rosenthal Act. *See Mot.* 7:6-18. Second, Plaintiff has failed to plead any facts that would show his claims are not barred by the one year statute of limitations of the FDCPA and the Rosenthal Act. *Id.* 4:5-11.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#15**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3214 PSG (PLAx) | Date | October 19, 2011 |
|---|---|---|---|
| Title | Guillermo Lopez v. Professional Collection Consultants | | |

    The sections of the FDCPA that Plaintiff seeks to proceed under forbid creditors seeking to collect a debt from: engaging in conduct "the natural consequence of which is to harass, oppress, or abuse," 15 U.S.C. § 1692d; calling a person "repeatedly or continuously with intent to annoy, abuse, or harass," 15 U.S.C. § 1692d(5); falsley representing the "character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A); or using "false representation[s] or deceptive means," 15 U.S.C. § 1692e(10). The sections of the Rosenthal Act Plaintiff complains under encompass the same conduct by a creditor, with the additon of forbidding communicating with a debtor "with such frequency as to be unreasonable." Cal. Civ. Code § 1788.11(e).

    Certain sections of the complaint amount to bare legal conclusions alleging violations of the statutes, and are to be disregarded for Rule 12(b)(6) consideration. *See Twombly*, 550 U.S. at 555. The remaining factual allegations can be briefly summarized: (1) Defendant began placing calls to Plaintiff in January 2010; (2) Defendant placed "up to three [] collection calls five [] times per week" at some unknown period of time; (3) at some point in time, Plaintiff informed Defendant that Plaintiff did not owe the debt; (4) Defendant continued to call; (5) Defendant informed Plaintiff he was the co-signer on a contract with Maria Elena Lopez with AT&T as the counter-party; and (5) at some point in time, Plaintiff informed Defendant that he does not know a Maria Elena Lopez and has never had any dealings with AT&T. *FAC* ¶¶ 11-16. Plaintiff makes no allegations of the specific dates of contact by Defendant, nor even a range of dates. Plaintiff also makes no allegations as to the character of the calls nor what Defendant said other than that Plaintiff owed a debt pursuant to Plaintiff's status as a co-signer of a contract with AT&T.

    To survive a motion to dismiss, a complaint must contain facts that demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949. As the summary of facts shows, Plaintiff has merely raised the possibility that Defendant has violated the FDCPA and the Rosenthal Act. Defendant's calls could have been harrassing, but Plaintiff has pled no facts to show that they were harrassing. There are no facts alleged as to the content of the calls. And the confusing statement that Defendant made "up to three [] collection calls five [] times per week" does not state the period of time during which this activity occured, such that one could conclude the activity was harassing, oppresive, or abusive. Courts have required factual particularity regarding the dates and contents of alleged communications for FDCPA and Rosenthal Act claims. *See Parker v. Barclays Bank Del.*, No. CV-10-5096-RMP, 2011 WL 2709407, at *3 (E.D. Wash. July 12, 2011) (complaint failed to state an FDCPA claim where complaint only alleged repeated calls from creditor); *Blaxill v. Arrow Fin. Servs.*, No. 5:10-CV-

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#15

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3214 PSG (PLAx) | Date | October 19, 2011 |
|---|---|---|---|
| Title | Guillermo Lopez v. Professional Collection Consultants | | |

04520 JF (PSG), 2011 WL1299350, at *2 (N.D. Cal. April 4, 2011) ("Because the instant complaint lacks any factual particularity, such as the dates and contents of the alleged communications, it fails to state a claim" under the FDCPA); *Gates v. Wachovia Mortg., FSB*, No. 2:09-cv-02464-FCD/EFB, 2010 WL 2606511, at *4 (E.D. Cal. June 28, 2010) (dismissing a Rosenthal claim where complaint alleged date and time of collection calls, but failed to allege nature of the calls); *Ash v. OneWest Bank, FSB*, No. 2:09-cv-00974-FCD/DAD, 2010 WL 375744, at *7 (E.D. Cal. Jan. 26, 2010) (holding a high volume of calls does not constitute a violation of the Rosenthal Act). Plaintiff's spare factual allegations fail to state a claim under this standard.

Defendant also argued for dismissal of the complaint, because Plaintiff failed to plead facts sufficient to establish his claims were not barred by the statute of limitations. *Mot.* 6:22-7:6. The Court declines to reach this argument, because the complaint fails on other grounds.

In the event this Court found dismissal of the FAC appropriate, Plaintiff has requested leave to amend. *Opp.* 10:18-19. Leave to amend is to be liberally granted, especially where, as here, it appears the pleading could be cured by the allegation of other facts. *See Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995) (leave to amend generally granted unless pleading could not possibly be cured by alleging other facts). Accordingly, the Court grants leave to amend.

IV.   Conclusion

Thus, based on the foregoing, Defendant's motion to dismiss the complaint is GRANTED for failure to state a claim under the FDCPA or the Rosenthal Act. Plaintiff is GRANTED leave to amend and file a second amended complaint. Plaintiff has until November 2, 2011 to file a second amended complaint. Failure to do so will result in the case being dismissed with prejudice.

**IT IS SO ORDERED.**