**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#32-34**

CIVIL MINUTES - GENERAL

| Case No. | CV 11-3214 PSG (PLAx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | Guillermo Lopez v. Professional Collection Consultants | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):       Attorneys Present for Defendant(s):

Not Present                                Not Present

**Proceedings:**     **(In Chambers) Order DENYING Defendant's motions to dismiss**

  Before the Court are Defendant's motions to dismiss the Second Amended Complaint. Dkts. # 32, 33, 34.  The Court finds the matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15.  After considering the moving and opposing papers, the Court DENIES the motions.

I.    Background

  On April 15, 2011, Plaintiff Guillermo Lopez ("Plaintiff") filed this action against Defendant Professional Collection Consultants ("Defendant") for unlawful debt collection practices.  Dkt. #1.  The Court granted Defendant's motion to dismiss the First Amended Complaint.  Dkt. # 22.  Plaintiff then filed a Second Amended Complaint ("SAC").  Dkt. # 26.

  Plaintiff alleges that Defendant began placing collection calls to Plaintiff in January 2010 for a debt that Defendant claimed was owed to AT&T.  *SAC* ¶ 11.[1]  Defendant informed Plaintiff that he had co-signed an AT&T contract with Maria Elena Lopez and that a debt was owed under the contract.  *SAC* ¶ 12.  Defendant made "up to three (3) collection calls, five (5) times

---

[1] For purposes of these motions to dismiss, the Court accepts Plaintiff's allegations as true.  *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32-34

CIVIL MINUTES - GENERAL

| Case No. | CV 11-3214 PSG (PLAx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | Guillermo Lopez v. Professional Collection Consultants | | |

per week" through March 2011. *SAC* ¶¶ 11, 12. In February 2010, Plaintiff told Defendant that they were calling the wrong person, Plaintiff did not owe any debt to AT&T, and to stop contacting him because the constant phone calls were annoying, abusing and harassing. *SAC* ¶ 13. Plaintiff also told Defendant that he did not know a Maria Elena Lopez and had never co-signed an AT&T contract with a Maria Elena Lopez. *SAC* ¶ 16. Despite Plaintiff's statements, Defendant continued to call Plaintiff multiple times per day seeking payment. *SAC* ¶ 17. Defendant has told Plaintiff that he is a liar and accuses Plaintiff of "co-signing an AT&T contract for a family member or a lover." *SAC* ¶ 18.

Plaintiff alleges Defendant's conduct violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ. Code § 1788, *et seq. SAC* ¶¶ 26-32. Defendant has filed three separate motions to dismiss the SAC. Dkts. # 32, 33, 34. The motions seek dismissal of the SAC under Federal Rules of Civil Procedure 12(b)(1), (2), (4), (5), and (6), as well as Rule 41(b).

II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32-34

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3214 PSG (PLAx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | Guillermo Lopez v. Professional Collection Consultants | | |

(9th Cir. 2009).

Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the compliant alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

III.    Discussion

Two of Defendant's three motions to dismiss essentially seek dismissal of the SAC on the same grounds. Defendant argues the SAC should be dismissed, because this case has already been dismissed with prejudice. *See* Dkts. # 32, 33. When the Court dismissed the First Amended Complaint, the Court granted Plaintiff leave to amend. *See Order Granting Defendant's Motion to Dismiss*, Oct. 19, 2011, Dkt. # 22 at 4 (the "October 19 Order"). The Court stated that failure to file an amended complaint by November 2, 2011 would result in the case being dismissed with prejudice. *Id.* On November 2, Plaintiff filed the SAC. Dkt. # 23. However, on November 4, the Court struck the SAC because it had not been properly filed. Dkt. # 25. On November 8, Plaintiff refiled the SAC correctly. Dkt. # 26. Defendant argues that when Plaintiff failed to properly file an amended complaint by the deadline set by the Court, the October 19 Order was self-executing and this case was dismissed with prejudice. Therefore, Defendant argues, the SAC should be dismissed under Federal Rules of Civil Procedure 41(b) and 12(b)(1), (2), (4), and (5).

The Court finds Defendant's characterization of the October 19 Order as "self-executing" to be incorrect. When Plaintiff failed to correctly file an SAC on November 2, this case did not automatically close. Furthermore, the Court finds Plaintiff's failure to correctly file the SAC by November 2 excusable and that Defendant was not prejudiced by the delay in filing. Therefore, the motions to dismiss predicated on Federal Rules of Civil Procedure 41(b) and 12(b)(1), (2), (4), and (5) are DENIED.

Defendant's third motion to dismiss seeks dismissal based on Federal Rule of Civil Procedure 12(b)(6). Defendant seeks to dismiss Plaintiff's causes of action under the FDCPA, which forbid creditors seeking to collect a debt from: engaging in conduct "the natural consequence of which is to harass, oppress, or abuse," 15 U.S.C. § 1692d; calling a person "repeatedly or continuously with intent to annoy, abuse, or harass," 15 U.S.C. § 1692d(5);

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#32-34

CIVIL MINUTES - GENERAL

| Case No. | CV 11-3214 PSG (PLAx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | Guillermo Lopez v. Professional Collection Consultants | | |

falsely representing the "character, amount, or legal status of any debt," 15 U.S.C. § 1692e(2)(A); or using "false representation[s] or deceptive means," 15 U.S.C. § 1692e(10). Defendant also seeks to dismiss Plaintiff's cause of action under the Rosenthal Act which forbids the same conduct as the FDCPA, with the addition of forbidding communicating with a debtor "with such frequency as to be unreasonable." Cal. Civ. Code § 1788.11(e).

    The Court finds Plaintiff has cured the defects of the First Amended Complaint. In dismissing the First Amended Complaint, the Court held there were no facts to demonstrate Defendant's calls were harassing, because Plaintiff had not given any factual particularity regarding the dates and contents of the alleged communications. *October 19 Order* at 3. The SAC now specifically alleges calls were received on February 21, 22, and 24, 2011. *SAC* ¶¶ 21-23. The SAC also pleads that these calls were received after Plaintiff informed Defendant they were calling the wrong person, he did not owe any debt to AT&T, to stop contacting him because the constant phone calls were annoying, abusing and harassing, that he did not know a Maria Elena Lopez, and he had never co-signed an AT&T contract with a Maria Elena Lopez. *SAC* ¶¶ 13, 16. Moreover, the SAC alleges Defendant told Plaintiff that he is a liar and accused Plaintiff of "co-signing an AT&T contract for a family member or a lover." *SAC* ¶ 18. These allegations are sufficient to state a claim for relief under the sections of the FDCPA and the Rosenthal Act Plaintiff has sued under.

    Lastly, Defendant argues Plaintiff's allegations do not suffice to demonstrate Plaintiff's claims are not barred by the one-year statute of limitations for FDCPA and Rosenthal Act claims. *See* 15 U.S.C. § 1692k(d) ("An action to enforce any liability created by this subchapter may be brought . . . within one year from the date on which the violation occurs."); Cal. Civ. Code § 1788.30(f) ("Any action under this section may be brought . . . within one year from the date of the occurrence of the violation."). Plaintiff filed his original complaint on April 15, 2011. Dkt. # 1. Plaintiff alleges he received calls from Defendant in February 2011. These calls would be well within the one-year period to bring a claim. Accordingly, Defendant's motion to dismiss predicated on Federal Rule of Civil Procedure 12(b)(6) is DENIED.

IV.    Conclusion

    For the foregoing reasons, Defendant's motions to dismiss are DENIED.

    **IT IS SO ORDERED.**

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#32-34**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-3214 PSG (PLAx) | Date | March 9, 2012 |
|---|---|---|---|
| Title | Guillermo Lopez v. Professional Collection Consultants | | |