UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53

CIVIL MINUTES - GENERAL

| Case No. | CV 11-3214 PSG (PLAx) | Date | February 26, 2013 |
|---|---|---|---|
| Title | *Guillermo Lopez v. Professional Collection Consultants* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers) Order GRANTING IN PART and DENYING IN PART Defendant's Motion for Summary Judgment**

Before the Court is Defendant Professional Collection Consultants' ("Defendant") motion for summary judgment as to Plaintiff Guillermo Lopez's ("Plaintiff") Second Amended Complaint. Dkt. # 53. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7–15. After considering the moving papers, the Court GRANT IN PART and DENIES IN PART the motion for summary judgment.

I.  Background and Procedural History

This is an action under the Fair Debt Collection Practices Act ("FDCPA," 15 U.S.C. § 1692, *et seq.)* and Rosenthal Fair Debt Collection Practices Act ("RFDCPA," Cal. Civ. Code § 1788 *et seq.*). SAC ¶¶ 26-32. Plaintiff alleges that Defendant is a debt collector as the term is defined by 15 U.S.C. § 1692a(5) and Cal. Civil Code § 1788.2(h). *Id.* ¶ 8.

Plaintiff alleges that Defendant began placing collection calls to Plaintiff in January 2010 for a debt that Defendant claimed was owed to AT&T. SAC ¶ 11. Defendant informed Plaintiff that he had co-signed an AT&T contract with Maria Elena Lopez and that a debt was owed under the contract. SAC ¶ 12. Defendant made "up to three (3) collection calls, five (5) times per week" through March 2011. SAC ¶¶ 11, 12. In February 2010, Plaintiff told Defendant that they were calling the wrong person, Plaintiff did not owe any debt to AT&T, and to stop contacting him because the constant phone calls were annoying, abusing and harassing. SAC ¶ 13. Plaintiff also told Defendant that he did not know Maria Elena Lopez and had never cosigned an AT&T contract with Maria Elena Lopez. SAC ¶ 16. Despite Plaintiff's statements,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53

CIVIL MINUTES - GENERAL

| Case No. | CV 11-3214 PSG (PLAx) | Date | February 26, 2013 |
|---|---|---|---|
| Title | *Guillermo Lopez v. Professional Collection Consultants* | | |

Defendant continued to call Plaintiff multiple times per day seeking payment. *SAC* ¶ 17. Defendant has allegedly told Plaintiff that he is a liar and accuses Plaintiff of "co-signing an AT&T contract for a family member or a lover." *SAC* ¶ 18.

On December 20, 2012, Defendant filed a motion for summary judgment. Dkt. # 53. The hearing on the motion was scheduled for February 25, 2013. Pursuant to the Court's Standing Order, Defendant's opposition to the motion for summary judgment was due twenty-one days prior to the hearing on February 4, 2013. Prior to the filing of its Opposition, Plaintiff filed a request to continue the hearing and trial dates, which this Court denied on February 6, 2013. Dkt. # 66. After the request was denied, Plaintiff sought leave to file its untimely opposition, which the Court permitted. Dkt. # 74.

II.     Legal Standard

Federal Rule of Civil Procedure 56(a) establishes that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may move for summary judgment not only as to an entire case, but also as to a claim, defense, or part of a claim or defense. *Id.* The movant bears the initial burden to demonstrate the lack of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the movant satisfies the burden, the nonmovant must set forth specific evidence showing that there remains a genuine issue for trial, and "may not rest upon mere allegation or denials of his pleading." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986).

An issue of fact is a genuine and material issue if it cannot be reasonably resolved in favor of either party and may affect the outcome of the suit. *See Anderson,* 477 U.S. at 249-50. A party asserting that a fact cannot be genuinely disputed must support that assertion by citing to "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). A party may object that material cited would not be admissible in evidence. *See id.* 56(c)(2). Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible in evidence, and must show that the declarant or affiant is competent to testify on the matters stated. *See id.* 56(c) (4).

III.     Discussion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3214 PSG (PLAx) | Date | February 26, 2013 |
|---|---|---|---|
| Title | *Guillermo Lopez v. Professional Collection Consultants* | | |

    A.    <u>FDCPA</u>

In Plaintiff's Second Amended Complaint, he alleges that Defendant violated sections 1692d, 1692d(5), 1692e(2)(a), and 1692e(10) of the FDCPA. Defendant does not specifically address the relevant sections, but concludes in its motion that summary judgment should be granted as to sections 1692d, 1692d(5), and 1692e(10). *Mot.* 5:2-12.

        i.    *15 U.S.C. § 1692d and 15 U.S.C. § 1692d(5)*

Section 1692d of the FDCPA provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt," including "the placement of telephone calls without meaningful disclosure of the caller's identity." 15 U.S.C. § 1692d. "[C]laims under § 1692d should be viewed from the perspective of a consumer whose circumstances makes him relatively more susceptible to harassment, oppression, or abuse." *Arteaga v. Asset Acceptance,* LLC, 733 F. Supp. 2d 1218, 1226 (E.D. Cal. 2010) (citations omitted). This standard is similar to that of the "least sophisticated debtor," which the Ninth Circuit applies to other sections of the FDCPA. *See Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1171 (9th Cir. 2006). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous." *Arteaga*, 733 F. Supp. 2d at 1226. A debt collector may harass a debtor by continuing to call the debtor after the debtor has requested that the debt collector cease and desist communication. *Fox v. Citicorp Credit Services, Inc.,* 15 F.3d 1507, 1516 (9th Cir. 1994).

Section 1692d(5) includes a non-exhaustive list of conduct that constitutes harassment, oppression or abuse, including "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. § 1692d(5). Examples of harassing behavior include calling the debtor immediately after hanging up, calling at odd hours, calling at the debtor's place of employment, or calling multiple times in a single day. *Id.* at 1228.

Defendant claims that Plaintiff has failed to put forth any evidence that Defendant violated section 1692d generally by calling Plaintiff after Plaintiff requested that Defendant stop calling. *Mot.* at 2:22-28. However, Plaintiff proffers Defendant's Account Notes, which state: "This acct is definite fraud, didn't live at address where acct was!!! Will send ID theft police report!!!!!" and "[Plaintiff] wants [this account] off his credit." *Pl. Ex.*, Ex. C. Those account notes support Plaintiff's allegations that he told Defendant that the address listed on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-3214 PSG (PLAx) | Date | February 26, 2013 |
|---|---|---|---|
| Title | *Guillermo Lopez v. Professional Collection Consultants* | | |

underlying account was not his. Plaintiff also presents deposition testimony showing that he asked Defendant to stop calling: "Question: According to the complaint, you told [Defendant] PCC to stop calling you [?] Answer: Uh-huh. Question: When did you tell PCC to stop calling you? Answer: On multiple times; don't know the exact dates" *Pl. Ex.*, Ex. A. (Lopez Depo Tr. at 31). Intent to harass may be inferred by evidence that the plaintiff asked the debt collector not to call. *Fox,* 15 F.3d at 1516 (9th Cir. 1994). Accordingly, Plaintiff has presented sufficient evidence to counter Defendant's allegation that there is no material issue of fact regarding whether Defendant violated 15 U.S.C. § 1692d.

Defendant asserts that Plaintiff has failed to put forth evidence that the call volume violates the FDCPA under section 1692d(5). *Mot.* 2:14-21. Plaintiff's allegations regarding the frequency of Defendant's calls do not rise to the level of harassment required under Section 1692d(5). *Arteaga*, 733 F. Supp. 2d at 1229 (finding no triable issue of material fact where plaintiff alleged multiple calls per day but did not allege any other harassing behavior). It is undisputed that Defendant placed at least twelve phone calls to Plaintiff from around March 18, 2010 to February 23, 2011. *SSUF* ¶ 2.[1] However, without providing evidence that Defendant called Plaintiff immediately after hanging up, called at odd hours, called at the debtor's place of employment, or called multiple times in a single day, the number of phone calls alone does not create a triable issue of fact. *Arteaga*, 733 F. Supp. 2d at 1229. Thus, to the extent that Plaintiff's Second Amended Complaint separately seeks relief under 1692d(5), Plaintiff has failed to refute that there is no triable issue of material fact that the volume of calls violates the FDCPA.

       ii.       15 U.S.C. § 1692e(10)

Section 1692e provides that a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A debt collector violates this rule where, among other things, it "use[s] ... any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Id.* § 1692e(10). The Ninth Circuit applies the "least sophisticated debtor" standard to these allegations. *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222, 1227 (9th Cir. 1988). Thus, the Court must consider whether Defendant's

---

[1] Two of the alleged phone calls are outside of the statute of limitations, as the Complaint was filed on April 15, 2011, and the two calls pre-date the filing of the Complaint by more than one year. *Shields Decl.*, ¶ 12. *See* Cal. Civ.Code § 1788.30(f) ("Any action under this section may be brought ... within one year from the date of the occurrence of the violation.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#53

CIVIL MINUTES - GENERAL

| Case No. | CV 11-3214 PSG (PLAx) | Date | February 26, 2013 |
|---|---|---|---|
| Title | *Guillermo Lopez v. Professional Collection Consultants* | | |

conduct is "likely to deceive or mislead a hypothetical 'least sophisticated debtor.'" *Wade v. Regional Credit Ass'n*, 87 F.3d 1098, 1100 (9th Cir. 1996).

Plaintiff argues that a genuine issue of fact exists because Defendant insisted that Plaintiff owed the underlying debt "despite evidence to the contrary." *Opp.* 15:19-24. As evidence that the debt is not attributable to Plaintiff, he offers deposition testimony in which he states that inaccurate information relating to his birthday and driver's license number is listed on the applications for the underlying AT&T phones. *Pl. Ex.*, Ex. A (Lopez Depo Tr. at 18-19). However, Plaintiff also presents evidence in which he tells Defendant that the debt in question does not belong to Plaintiff. *Pl. Ex.*, Ex. C. Thus, Plaintiff confirms that he was not deceived by Defendant's alleged misrepresentation. Nonetheless, because the Ninth Circuit does not assess whether Plaintiff was deceived, but whether Defendant's conduct is "likely to deceive or mislead a hypothetical 'least sophisticated debtor,'" Plaintiff has presented genuine issues of material fact. First, there is a genuine issue of material fact as to whether Plaintiff owed the debt. Second, there is a genuine issue of material fact as to whether, if Plaintiff did not owe the debt, Defendant's representations were likely to deceive him. Accordingly, as to the § 1692e(10) claim, summary judgment is DENIED.

B.  Cal. Civ. Code § 1788.11(d)-(e)

In its SAC, Plaintiff alleges that Defendant violated Cal. Civil Code §§ 1788.17, 1788.11(d), and 1788.11(e). However, Defendant's motion only mentions the allegations as to 1788.11(d), and 1788.11(e). *Mot.* 5:3-7. Section 1788.11 of the RFDCPA requires that "no debt collector shall collect or attempt to collect a consumer debt" through improper means, including "(d) causing a telephone to ring repeatedly or continuously to annoy the person called; or (e) communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances." Cal. Civ.Code § 1788.11(d)-(e). Because there is no triable issue of fact as to whether Defendant violated section 1692d(5) of the FDCPA, there is also no triable issue of fact as to whether Defendant violated California Civil Code § 1788.11. *See Joseph v. J.J. MacIntyre Companies, L.L.C.*, 281 F. Supp. 2d 1156, 1164 (N.D. Cal. 2003) (applying analysis for 15 U.S.C. § 1692d(5) to §§ 1788.11(d) and (e) for purposes of motion for summary judgment).

In sum, Defendant has failed to demonstrate that there is no genuine issue of material fact with respect to §§ 1692d and 1692e(10) of the FDCPA. As to the claim under § 1692d(5) and the claims under §§ 1788.11(d) and (e) of the Rosenthal Act, Defendant has shown that there is no genuine issue of material fact as to whether the volume of calls violated the FDCPA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#53**

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-3214 PSG (PLAx) | Date | February 26, 2013 |
|---|---|---|---|
| Title | *Guillermo Lopez v. Professional Collection Consultants* | | |

IV. Conclusion

Thus, based on the foregoing, Defendant's Motion for Summary Judgment is:

- DENIED as to Plaintiff's claim for violation of § 1692d;
- GRANTED as to Plaintiff's claim for violation of § 1692d(5);
- DENIED as to Plaintiff's claim for violation of § 1692e(10); and
- GRANTED as to Plaintiff's claim for violation of Cal. Civ. Code § 1788.11(d) and (e).

**IT IS SO ORDERED.**

:

Initials of

Preparer